Good morning, may it please the court, James Fife with Federal Defenders on behalf of the appellant, Mr. Ramos. I'd like to reserve two minutes for rebuttal. California carjacking is not generic extortion. So, Becerril Lopez holds no lessons for the resolution of this appeal. If carjacking is not extortion, and it includes, as is stated by statute, California statute, that it can be found by direct threats against property, it is overbroad under the residual definition of the guidelines. And therefore, Mr. Ramos' conviction or sentence has to be vacated. My colleagues in the government raised the idea that perhaps Becerril Lopez has some influence on this case, and I replied in my 28-J letter that it has no holdings whatsoever that influence this case. Most specifically, the one I do want to focus on is the fact that the elements of generic extortion do not match the elements of California carjacking. Specifically, California carjacking by statute can be found for the intent to temporarily deprive, whereas extortion must involve the intent to deprive permanently. And that's found in two Supreme Court cases, in the model penal code, and in general authorities on American law. The definition of extortion, even the definition cited in Becerril Lopez, uses the words obtain. Acquire is also often used in extortion statutes. Obtain or acquire. For example, the Hobbs Act, section 1951, uses the word obtain property. In the Supreme Court's most recent and thorough discussion of the definition of extortion, in Shidler v. National Organization for Women, the Supreme Court rejected a temporary possession analysis of obtain. In fact, in Shidler, the Supreme Court noted that both in Shidler and in the other principal Supreme Court case on extortion, United States v. Nardello, the Supreme Court identified the model penal code definition as the generic extortion definition. Now, I'll get to what the model penal code says in just a second. I just wanted to point out that in Shidler, the respondents, Shidler was a case of both Hobbs Act and RICO suits against anti-abortion protesters who had blocked and closed down abortion clinics. And the Supreme Court held that the respondents and the government's argument, who both argued the same thing, that they had obtained property, the protesters had obtained the property by obtaining control over whether or not those abortion clinics could continue to operate. And the Supreme Court rejected that and said that it is not sufficient to obtain by saying that you gain control. Now, gaining control over the use and disposition of property, that's exactly temporary deprivation. Instead, the Supreme Court said obtain is equated with attaining exercise, the ability to exercise, transfer, or sell. Now, that's talking about ownership rights. That's permanent. So they distinguished the government's claim that simple control over the disposition is insufficient. It has to be something much more substantial, rights that usually pertain to ownership that is permanent, permanent acquisition. Well, I guess what we're talking about, aren't we ultimately trying to figure out whether this is a crime of violence? That's correct, Your Honor. And I'm saying it's not a crime of violence because under the residual provision, because carjacking is not an enumerated offense in the Guideline, if it's covered by the residual provision, it has to be a crime against the person. Yeah, well, that's what bothers me. If you do it by threat of personal violence, by taking the car, saying I'll kill you unless you give me that car, I don't see how it's less violent because you only intend to keep it for a week or two weeks or three weeks. Yeah, let me explain the reasoning here. The problem is that it's very clear that the Guidelines do not apply to offenses against property, threats against property. It has to be threats against the person. And Becerra-Lopez finds that. That's why robbery, California robbery, is not a crime of violence. A generic is not a crime of violence unless it's extortion. But the same provision that makes California robbery overbroad, as Becerra-Lopez recognized, also applies to carjacking. Carjacking can be a threat against property, but the Guideline requires it be a threat against the person. Now, I'm saying that the only way Becerra-Lopez gets around this is by saying that robbery, California robbery, is actually generic extortion. How does carjacking become a threat against property? Because there's no carjacking unless someone is in the car. So how is it a threat against property? Because if you obtain a car from the owner by threatening his property, not only his property, but the property of another person, a relative, that's sufficient to obtain it. You don't have to make a threat against the person. You can make a threat against property saying, give me your car or I'll burn down your house. Give me your car or I'll slash your grandmother's tires. So your theory is that that does not invoke fear in the individual, just fear for the property. That may be fear, but it's fear for threats against property. And if you compare the Guideline's definition of crime against violence with the definition in U.S.C. 18, U.S.C. 16, they are pointedly different. But Counsel, don't we have to, under the Supreme Court's direction, don't we can't have hypotheticals that are not really likely to happen? So has anybody ever been prosecuted in California for carjacking that involves a threat to property as opposed to a threat to a person? I can't say, Your Honor, but I think that we don't reach Your Honor's question precisely because, as this Court held en banc in Griselle and in Vidal, that when the statute, when it's clear on the face of the statute that it is overbroad, we're not engaging in the legal imagination. We're not engaging in speculation. Griselle and Vidal say that if it's right there on the face of the statute, it's overbroad. No, but the Supreme Court has told us that there has to be a reasonable probability that the statute will be interpreted, at least in the person who's challenging the statute's case or some other case, there has to be a showing that the State has, in fact, interpreted the statute in that way. That's correct, Your Honor. But when Griselle said this, they were responding precisely and quoted from Duenas-Alvarez, the Supreme Court case. They were responding precisely to the Supreme Court's requirement. And they said, the law of this circuit is that if it's clear on the face of the statute, then it is not a violation, it is not counter to Duenas-Alvarez because it's right there. And this Court en banc reaffirmed that in Vidal when they cited with approval the same rule from Griselle. Well, I think in Vidal, weren't we trying to see whether or not the statute, the drug statute, was an analog to the Federal statute? Wasn't that what we were trying to see? Vidal involved a cart, it involved joyriding offense, Your Honor. And there, it's clear. Perhaps, I'm not, I'm quite not sure joyriding, it's not in the statute. It's at least in the controlling law that interprets it. Well, that's the problem. That's exactly my point. There was a case that had interpreted the statute in that way. So it's not clear on the face of the statute unless you have a case that's interpreted that way. So that was my point. But, Your Honor, it is clear on the face of the statute because California Penal Code Section 215 says. But you just said, Vidal said that the California court had interpreted in such a way that it became clear that the statute was overgrown. Right. And they said that that was sufficient. But when it's actually in the statute, California Penal Code Section 212 says that it can be fear against the person or a fear against the property of that victim or of a relative of the victim. It doesn't even have to be directed at property owned by the victim. And, again, in this sense, I say Becerril-Lopez does control this case because in Becerril-Lopez, the panel held that California robbery, because of Section 212, which allows threats against property, precisely because of that, that's why Becerril-Lopez says California robbery is categorically overbroad. That is the holding. What's the language in Vidal that you're relying on? Your Honor, I'm sorry. I don't have that case in front of me. I can certainly submit it in the letter to you. Well, you were making the argument so vehemently I was sure that you knew the exact language. Your Honor, I have the language from Becerril-Lopez, which Vidal is what they were referring to. Well, you were pressing your argument on the basis of Vidal that we had said in that case that the face of the statute without reference to interpreting case law was adequate to show overbreadth. So I'm asking you what language says that. When I mentioned Vidal, I was just saying that in that sense, the Court reconfirmed by quoting from Brezel that very language, just confirmed that that's the case. Here's the language from Brezel. When a statute, quote, explicitly defines a crime more broadly than the generic definition, no, in quotes, legal imagination is required to hold that a realistic possibility exists that the State will apply a statute to conduct that falls outside the generic definition of the crime, citing Duenas-Alvarez. That's Brezel. That's at page 850 of Brezel. You've used your time. Thank you. I think we should hear from the Governor. Thank you. Good morning. May it please the Court. My name is Caleb Mason. I represent the United States. I think counsel has adequately crystallized the appropriate focus of this case. I mean, I think it is appropriate to focus on the extortion analog here. I would start first, however, by just referring briefly to the holding of Becerril-Lopez. I think counsel may have somewhat incorrectly characterized that holding. The holding of Becerril-Lopez, and this is at 1144, 528F3rd, is as follows. Accordingly, we hold that a conviction under California Penal Code Section 211 could only result from conduct that constitutes a crime of violence for purposes of USSG Section 2L1.2. The district court properly applied the 16-level enhancement. Now, that is a holding that California robbery under 211 is categorically a crime of violence. One does not even need to go to modified Taylor when one has a California Section 211 conviction. It is categorically a crime of violence. This Court did not hold that 211 is overbroad. It held that 211 is categorically a crime of violence. Now, counsel is correct that Becerril-Lopez reached that result in part by turning to the analog with generic extortion. Becerril-Lopez considered six arguments that were raised for the overbreadth of robbery under Section 211. One of those arguments had to do with the potential threat against property. The Becerril-Lopez Court resolved that issue as follows. If a person were convicted hypothetically, because as Your Honor points out, I am not aware, I have not seen in the cases a conviction on this basis, but if a person were convicted under Section 211 based solely on a threat to property with no threat to a person, then, said Becerril-Lopez, that conviction would be generic extortion. Okay? So if we were considering this as a Venn diagram, for example, when the universe of potential 211 convictions spills out of the universe of generic robbery convictions, it will only, according to Becerril-Lopez, spill into the universe of generic extortion convictions. So it is proper to ask whether or not generic extortion is also going to be covered by convictions under Section 215 for carjacking. And the proper question there is to ask, what is the distinction that would be relevant between Section 215 carjacking and Section 211 robbery? There are two distinctions between those two statutes. One is that Section 215 applies only to vehicles. The second is that Section 215 does not require an intent to permanently deprive the owner of the property. So the issue then with regard to the extortion analog is whether or not generic extortion requires an intent to permanently deprive the owner of the property. That question has been answered straightforwardly, and the answer is it does not. The authorities that I will cite tend to them as follows. The first is a case called Torres. This is a case analyzing extortion under California law. It's a case that has been relied on by district courts. And the citation is 33 Cal. App. 437 at page 50. These are cases, I understand, that have arisen or only arose after Becerril-Lopez in the context of the exchange of 28J letters. So obviously I can submit this as a 28J letter. But I would just read you from this case. The issue in Torres was an IAC claim. The issue was whether or not counsel had been deficient by failing to object to an allegation that the defendant had committed robbery as opposed to extortion. And so the only issue before the court was what the difference between robbery and extortion is. And here's how the court resolved this, and I quote, The crime of extortion is related to and sometimes difficult to distinguish from the crime of robbery. Both crimes share the element of an acquisition by means of force or fear. One distinction between robbery and extortion frequently noted is that in robbery property is taken from another by force or fear against his will, while in extortion property is taken from another by force or fear with his consent. The two crimes, however, have other distinctions. Robbery requires a felonious taking, which means a specific intent to permanently deprive the victim of his property. Extortion does not require proof of this element. That is a flat and unequivocal holding from the California courts that extortion under California law does not require proof of an intent to permanently deprive the owner. I would also note the Model Penal Code definition of extortion, which makes no mention of any temporal element whatsoever. I would turn also to the Nardello case, which was the 1969 Supreme Court case in which we have our first and really only definition of what generic extortion would be. This is from 393 U.S. 286 at 294 and 5. The issue in Nardello was whether or not extortion for purposes of RICO or Hobbs Act, that is Federal law, was incorporating differing State definitions of extortion or whether or not it was using and relying on a generic definition of extortion. And the Court held that this is at page 296. The indictment encompasses a type of activity generally known as extortionate since money was to be obtained from the victim by virtue of fear and threats of exposure. In light of the scope of the Congressional purpose, we decline to give the term extortion an unnaturally narrow reading and thus conclude that the acts for which appellees have been indicted fall within the generic term extortion as used in the Travel Act. In both the, in the Shidler case and in the national, I'm sorry, in the Shidler case, the Court again referred to the Nardello definition of extortion. There is simply no mention in either Shidler or in Nardello of any temporal element of any requirement that extortion, that an extortionate act require an intent to permanently deprive the possessor of the property. It's simply not there. And in the Torres case, California law is established as explicitly excluding that requirement. So I think then that, you know, Besserill does control this case. If Section 211 carjacking is like Section, Section 215 carjacking is like Section 211 robbery, it's categorically a crime of violence. There's only one way that it cannot be, that it could not be a categorical crime of violence, and that would be if it eludes the extortion analogy on which the Besserill Court relied. The only way that carjacking can elude that extortion analogy is if carjacking includes or lacks a temporal element, an intent to permanently deprive, which extortion has. But since extortion does not have that element, then the lack of that element  So I think Besserill Lopez controls directly for that reason. If carjacking is not robbery, then it's extortion, just the same way that if California robbery is not generic robbery, it's extortion. Okay. Any questions? I'd be prepared to submit, then, Your Honor. You're the Justice. Never mind. Thank you. Are there any questions of the counsel for the appellate? Is there anything that you wish to add very briefly? Yes, very briefly. I just want to say counsel is incorrect. Model Penal Code commentary says this about the temporal requirements of extortion. The word obtain, which is used in the Model Penal Code, means bring about transfer of legal interest in the property. Legal interest, that's permanent deprivation. It says it is not an offense designed to safeguard possession, nor does it protect against the use of deception or threats to gain temporary possession or control of property. This is what the commentary to the Penal Code says. In two Supreme Court cases, Scheidler and Nardello, the Supreme Court said the Model Penal Code definition of extortion is generic extortion.  Thank you. Thank you. The case just argued is submitted. We'll hear the next case, Phones for All v. the FCC.
judges: Schroeder, Rawlinson, Sandoval